A. J. McDERMOTT v. F. ABNEY, Appellant.

CONTRACTS. A written memorandum of agreement, as assented to by one of the parties, but not signed by him, is admissible against him to prove the contract.

MEASURE OF RECOVERY. Where defendant in an action to recover a real estate broker's commission admits having agreed to pay a commission, and plaintiff claims the agreement was for a specific sum, the measure of damages is the agreed commission, and not the value of the services.

HARMLESS ERROR. In a suit on an agreement of which an unsigned memorandum has been made, an instruction referring to the memorandum as a written contract is harmless, since the contract is the basis of recovery, whether it be written or oral.

APPEAL: *Abstract.* An abstract will not be stricken because it does not contain all the evidence, where it contains everything essential to enable the court to pass on the errors urged.

ADDITIONAL ABSTRACT: *Costs.* Where appellees' additional abstract contains matters not required to pass on the questions argued, its cost, except as to that portion containing necessary matter, will be taxed to him.

*Appeal from Calhoun District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, DECEMBER 17, 1898.

THE petition is in two counts. In the first the plaintiff alleges that the defendant orally agreed to pay him two per cent. commission if he should find a customer with whom the defendant might exchange certain property, and, as to the other property, a similar agreement was reduced to writing, to which the defendant's name was attached, at his request, by plaintiff. In the second count, recovery is sought on a *quantum meruit.* The answer is a general denial. Trial to jury; verdict and judgment for plaintiff; and defendant appeals.—*Affirmed.*

*M. R. McCrary* and *Brown McCrary* for appellant.

*W. E. Gray* for appellee.

PER CURIAM. As the abstract contains everything essential to enable the court to pass upon the errors argued, the motion to strike because it does not contain all the evidence must be overruled. The motion to tax the cost of the appellee's abstract to him is sustained, except as to the two pages containing the ninth instruction, for the reason it is not an abstract of the evidence, but a printed transcript of the testimony of certain witnesses, not required in order to pass upon the questions argued. If the written memorandum was assented to, as stating the agreement, it was admissible in evidence, though not signed. The petition alleged the transaction as claimed by the plaintiff, and this was set out in the instructions, and the plaintiff's recovery limited thereto. That the court referred to the memorandum as a written contract was not material, because, whether construed to be written or oral, it might serve, if assented to, as a basis of recovery.

In several instructions the court advised the jury under what circumstances recovery might be had on a *quantum meruit,* but finally withdrew the second count of the petition, and directed the allowance of the commission or nothing. As the plaintiff testified that a commission was agreed upon, and the defendant admitted that he had agreed to pay a commission, this was the true measure of damages, and the jury could not have misunderstood it. There are no doubtful questions involved in the case, and the judgment is AFFIRMED.